JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Bobby Thomas (appellant) appeals from the trial court's decision denying his motion to withdraw guilty plea and argues that he was afforded ineffective assistance of counsel. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On November 30, 2002, appellant participated in what he referred to as "a drug deal gone bad," which resulted in appellant stabbing the victim and driving away in the victim's car. On February 14, 2003, appellant was indicted on two counts of felonious assault in violation of R.C. 2903.11, one count of kidnapping in violation of R.C. 2905.01, one count of aggravated robbery in violation of R.C. 2911.01, all with notice of prior conviction and repeat violent offender specifications, and one count of grand theft of a motor vehicle in violation of R.C.2913.02. On July 29, 2003, appellant pled guilty to one count of felonious assault and one count of aggravated robbery. On August 28, 2003, the court sentenced appellant to eight years imprisonment on each count to run concurrently. On July 19, 2004, appellant filed a motion to withdraw guilty plea and on August 9, 2004, the court denied this motion.
 II. {¶ 3} In his first assignment of error, appellant argues that "the trial court abused it's [sic] discretion in denying appellant's motion for withdrawal of guilty pleas as the denial is manifestly against the weight of the evidence." Specifically, appellant argues that he was induced to plead guilty under the mistaken belief that the court promised to impose a three-year sentence, as communicated to him by his attorney.
 {¶ 4} Crim.R. 32.1 governs withdrawals of guilty pleas, and it reads, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." In State v. Wyley (Mar. 16, 2001), Cuyahoga App. No. 78315, we ruled that:
"Postsentence motions to withdraw guilty pleas are not freely granted because that would allow defendants to withdraw their pleas when unfavorable sentences are received. If a plea of guilty can be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe."
 {¶ 5} However, a valid reason behind the withdrawal of a guilty plea may be that a defendant was coerced into pleading guilty by the state, the court or defense counsel. To make this claim, an appellant must submit supporting material containing evidence that the guilty plea was induced by false promises.State v. Kapper (1983), 5 Ohio St.3d 36. See, also, State v.Conaway (Nov. 10, 1994), Highland App. No. 94CA845 (holding that a defendant will not be permitted to withdraw his guilty plea merely because he received a harsher penalty than he subjectively expected). We review a trial court's denial of a post-sentence motion to withdraw guilty plea under an abuse of discretion standard. State v. Grigsby (1992), 80 Ohio App.3d 291.
 {¶ 6} In the instant case, the record demonstrates that although there may have been discussion of a three-year sentence as part of plea negotiations, a definite term of imprisonment was not part of the final plea bargain appellant entered into. First, there is a written plea agreement, dated July 29, 2003, which appellant, defense counsel and the court signed. It states that appellant agreed to plead guilty to two charges and the state agreed to dismiss the remaining charges. Furthermore, in the sentencing section, the document reads, "The State of Ohio and Defendant state that they HAVE NOT agreed to a sentence for which they will seek approval of the Court." The words "HAVE NOT" are hand written by appellant in the fill-in-the-blank space of the agreement. The lines following this section, where an agreed upon sentence can be described, were left blank.
 {¶ 7} Second, there is the transcript from the plea and sentencing hearings. On July 29, 2003, at the plea hearing, nothing was mentioned about a three-year sentence. The court explained to appellant that he was facing a prison term of between two and eight years for felonious assault and between three and ten years for aggravated robbery. The court went on to say, "* * * [A]nd I can add these together so that if I determine that it was the proper thing to do, I could send you to the penitentiary for up to 18 years * * *."[1] Appellant replied that he understood. Additionally, the court asked appellant, "Has anybody promised you anything other than what the prosecutor has said here about dismissing some of these charges or has anybody threatened you?"[2] Appellant replied, "No, sir." After conducting a Crim.R. 11 plea hearing, the court asked appellant what happened on the night in question. Appellant spoke and the court then chose to order a presentence investigation report before sentencing appellant.
 {¶ 8} On August 28, 2003, after having read the report, the court held a sentencing hearing in which defense counsel reminded the court that during plea negotiations they discussed a potential sentence of three years. Counsel urged the court to take this into consideration, saying, "* * * [W]e respectfully request the Court to consider the three years we discussed at the time of the plea."[3] Furthermore, when appellant addressed the court, he said, "I hope you have the leniency to give me * * * three years."[4] From this we infer that there was talk of sentencing appellant to three years imprisonment immediately after his plea hearing. However, the court gave two reasons why it ultimately decided to postpone sentencing to a later date: 1) the victim wanted to be present for sentencing and could not do so the day of the plea hearing; and 2) the court wanted to order and review a presentence investigation report. At the sentencing hearing, the court made it clear that it would not impose the three years, because the report showed appellant had served seven prior prison terms, and the court found that the likelihood of recidivism was great.
 {¶ 9} Accordingly, we find no evidence to support appellant's claim of a promise of a three-year sentence. Appellant entered his plea voluntarily, knowingly and intelligently, and the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea. Appellant's first assignment of error is overruled.
 III. {¶ 10} In his second and final assignment of error, appellant argues that "the trial court erred in denying appellant's motion to withdraw guilty pleas because his attorney's advice concerning sentencing constitute [sic] ineffective assistance of counsel." Specifically, appellant argues that but for his counsel's erroneous advice that the court promised to impose a three-year prison term, appellant would not have pled guilty and instead would have gone to trial.
 {¶ 11} In order to substantiate a claim of ineffective assistance of counsel, an appellant must demonstrate that 1) the performance of defense counsel was seriously flawed and deficient, and 2) the result of appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984),466 U.S. 668; State v. Brooks (1986), 25 Ohio St.3d 144. In Statev. Bradley, the Ohio Supreme Court truncated this standard, holding that reviewing courts need not examine counsel's performance if appellant fails to prove the second prong of prejudicial effect. State v. Bradley (1989), 42 Ohio St.3d 136. "The object of an ineffectiveness claim is not to grade counsel's performance." Id. at 142.
 {¶ 12} In the instant case, this assignment of error overlaps appellant's first argument regarding the court's denial of his motion to withdraw guilty plea. As discussed, we found that appellant voluntarily, intelligently and knowingly entered his guilty plea. This precludes appellant from claiming ineffective assistance of counsel as it relates to entering his plea. InTollett v. Henderson (1973), 411 U.S. 258, 267, the United States Supreme Court held:
"We thus affirm the principle recognized in the Brady
trilogy: a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea * * *."
(Internal citations omitted.)
 {¶ 13} See, also, State v. Haynes (Mar. 3, 1995), Trumbull App. No. 93-T-4911 (holding that "by entering a plea of guilty, appellant waived the right to contest the effectiveness of his representation prior to the entry of the guilty plea if it did not cause less than a knowing and voluntary plea"). Accordingly, we conclude that appellant's claim of ineffective assistance of counsel is without merit, and the second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, P.J., and Diane Karpinski, J., Concur.
[1] Tr. at 7.
[2] Tr. at 13.
[3] Tr. at 27.
[4] Tr. at 36.