[Cite as *State v. Westley*, 2012-Ohio-3571.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97650**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMES WESTLEY

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-549221

**BEFORE:**   S. Gallagher, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   August 9, 2012

**ATTORNEY FOR APPELLANT**

John B. Gibbons
2000 Standard Building
1370 Ontario Street
Cleveland, OH   44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Michael E. Jackson
        Anna M. Faraglia
        Katherine Mullin
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} Defendant-appellant James Westley appeals from the trial court's denial of his presentence motion to vacate his plea. For the following reasons, we affirm the trial court's decision and Westley's conviction.

{¶2} On April 19, 2011, Westley was charged with one count of murder, one count of having a weapon while under disability, and one count of carrying a concealed weapon. The murder count carried one- and three-year firearm specifications.

{¶3} The trial court scheduled the final pretrial for October 24, 2011. On that day, Westley pleaded guilty to one count of involuntary manslaughter with the firearm specifications. The state nolled the remaining weapons counts. During the plea colloquy, the court complied strictly with Crim.R. 11.

{¶4} The trial court continued the matter for sentencing to November 8, 2011. Before the sentencing hearing, Westley filed pro se on November 3, a motion to withdraw his plea to allow him to "proceed to trial to prove my innocence." After defense counsel adopted Westley's motion and indicated they would advocate on his behalf, the trial court reviewed the plea hearing proceedings, denied Westley's motion, and sentenced him to 11 years in prison.

{¶5} Westley timely appealed, raising one assignment of error. Westley challenges the trial court's decision to deny his presentence motion to withdraw his plea.

Westley argues that the trial court abused its discretion in denying his motion because he was innocent and immediately recognized his mistake in entering the guilty plea. Upon a review of the record, we find Westley's argument has no merit.

{¶6} Westley, like others similarly situated, cites to the view that a presentence motion to withdraw a guilty plea should be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, this is not an accurate statement of the law. A defendant does not have an absolute right to withdraw a plea prior to sentencing, and it is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. *Id.* The abuse of discretion standard we must follow is well stated in *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus:

> A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

{¶7} One of the factors to be weighed in considering a motion to withdraw a plea is a claim of innocence. *See State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995). When faced with this claim, "the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement." *State v. Kramer*, 7th Dist. No. 01-C.A.-107, 2002-Ohio-4176, _ 58. *See State v. McGowan*, 8th Dist. No. 68971, 1996 Ohio App. LEXIS 4384 (Oct. 3, 1996). A

mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea. *State v. Drake*, 73 Ohio App.3d 640, 645, 598 N.E.2d 115 (8th Dist.1991); *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988).

{¶8} Moreover, family pressure "does not necessarily show coercion," especially when there is no evidence showing that the defendant was incompetent or incapable of making his own decision. *State v. Mitchell*, 11th Dist. No. 94-P-0070, 1995 Ohio App. LEXIS 2803, * 5 (June 30, 1995). However, a valid reason behind the withdrawal of a guilty plea may be that the state, the court, or defense counsel coerced a defendant into pleading guilty. "To make this claim, an appellant must submit supporting material containing evidence that the guilty plea was induced by false promises." *State v. Thomas*, 8th Dist. No. 85294, 2005-Ohio-4145, ¶ 5, citing *State v. Kapper*, 5 Ohio St.3d 36, 448 N.E.2d 823 (1983).

{¶9} According to defense counsel, Westley first claimed innocence in a letter to the trial court dated one day after the plea hearing, October 25, 2011. The letter, however, is not part of the court's file. He also claimed innocence in the pro se motion: "I feel it is not right for me to serve time for a crime I did not commit. I also feel as if I had no other choice in the matter but to take a plea. * * * I would appreciate if you would acknowledge this motion and let me proceed to trial to prove my innocence." In addition, defense counsel addressed the court:

> It's his position and it's our position that his will was overborne such that
> he could not make a knowing, intelligent, and voluntary decision.

\* \* \*

During that conversation [in a closed courtroom among defense counsel, Westley, and his father], there was excessive pressure applied by family of the defendant and by counsel urging him to take the plea bargain, and James feels he had no other choice, as he stated in the motion [to withdraw], but to plead guilty.

Almost immediately upon leaving the courtroom is when he regretted his decision and decided to formalize that in a letter to you and ultimately into a formal court filing. \* \* \*

\* \* \*

The fact is he did not make a knowing, intelligent, voluntarily [sic] decision.   I think you have to let him withdraw the plea and allow the case to proceed to trial.

{¶10} Upon review, we find the trial court did not abuse its discretion in denying Westley's motion to withdraw his guilty plea.   The record shows that the trial court held a full Crim.R. 11 hearing where competent counsel represented Westley.   Westley denied being threatened or promised anything in exchange for pleading guilty.   He also indicated his satisfaction with counsel's advice and assistance, and his understanding of the nature of the offenses and any possible defenses.   During the hearing, Westley neither expressed nor exhibited any indicia of confusion, compromised competency, or deficient understanding of any of the consequences of entering a guilty plea.

{¶11} Moreover, the trial court gave Westley a full and impartial hearing on his motion to withdraw the guilty plea, and full and fair consideration to his plea withdrawal request.   At the hearing, Westley indicated that he wished to withdraw his plea because he was innocent and he entered the plea under coercion and duress caused by family and

defense counsel. Defense counsel testified to the coercion and to Westley's not knowingly, intelligently, and voluntarily entering the plea. Westley and his counsel provided, however, only blanket statements with no specifics on how family and counsel coerced him. They also failed to explain why the plea was not knowingly, intelligently, and voluntarily entered by Westley.

{¶12} It was within the trial court's province to determine whether Westley's arguments in support of his motion were reasonable and legitimate. We defer to the trial court's judgment in evaluating the "good faith, credibility and weight" of Westley's motivation and assertions in entering and attempting to withdraw his plea. *See Xie*, 62 Ohio St.3d 521, 525, 584 N.E.2d 715. Westley pled guilty for personal reasons at his family's and counsel's urging with the hope of receiving a lesser sentence. While it is unfortunate that he has now changed his mind, other than mere persuasion and convincing by family and counsel, Westley provides no evidence his plea was made unwillingly or without an understanding of the consequences, and he offers no proof of false promises.

{¶13} The trial court, therefore, did not abuse its discretion in denying Westley's presentence motion to withdraw his guilty plea. *Xie*; *Peterseim,* 68 Ohio App.2d 211, 428 N.E.2d 863; *Kramer*, 7th Dist. No. 01-C.A.-107, 2002-Ohio-4176; *Thomas*, 8th Dist. No. 85294, 2005-Ohio-4145. We accordingly overrule his assignment of error.

{¶14} Westley filed pro se on May 7, 2012, an appellate brief without leave of court. The Ohio Supreme Court has held that "[n]either the United States Constitution, the Ohio Constitution nor case law mandates * * * hybrid representation." *State v.*

*Thompson*, 33 Ohio St.3d 1, 6, 514 N.E.2d 407 (1987), citing *McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984). Although Westley has the right either to appear pro se or to have counsel, he has no corresponding right to act as co-counsel on his own behalf. *Id.*, 6-7.

{¶15} An appellate court has the discretion whether to address arguments raised in a pro se brief when an appellant is represented by counsel who has already filed a brief. *State v. White*, 71 Ohio App.3d 550, 557, 594 N.E.2d 1087 (4th Dist.1991). "[A]ppellants must submit all filings through appointed counsel, and we will not consider arguments raised in pro-se briefing unless we have granted leave to file a supplemental brief." *State v. Beaver*, 119 Ohio App.3d 385, 402, 695 N.E.2d 332 (11th Dist.1997). Because Westley did not obtain leave to file his supplemental brief, we will not consider the issues raised therein.

{¶16} The decision of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KENNETH A. ROCCO, J., CONCUR