[Cite as *State v. Westley*, 2013-Ohio-1654.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

_____

### JOURNAL ENTRY AND OPINION
### No. 97650

_____

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## JAMES WESTLEY

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-549221
Application for Reopening
Motion No. 460023

**RELEASE DATE:**    April 22, 2013

**FOR APPELLANT**

James Westley, pro se
Inmate No. 620-771
Mansfield Correctional Institution
P.O. Box 788
Mansfield, OH   44901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Kristen Sobieski
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant, James Westley, has filed an application with the court of appeals to reopen this court's judgment in *State v. Westley*, 8th Dist. No. 97650, 2012-Ohio-3571, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992). The application is denied for the reasons that follow.

**{¶2}** Appellant was charged with murder including firearm specifications, having a weapon while under disability, and carrying a concealed weapon. He pled guilty to involuntary manslaughter and firearm specifications. Appellant filed a pro se motion to withdraw his guilty plea prior to sentencing, which his trial counsel adopted and which the trial court considered and denied. In his initial appeal, appellant argued that the trial court erred by denying the motion to withdraw his guilty plea because he alleged that he was coerced by his trial counsel and his family to enter it. Appellant also argued that he was innocent. The assignment of error was overruled. Appellant is now seeking to reopen the appeal, claiming his appellate counsel was ineffective for not raising various issues in an additional assignment of error.

**{¶3}** App.R. 26(B)(5) requires appellant to show a "genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal."

**{¶4}** The appropriate standard to determine whether a defendant has received ineffective assistance of appellate counsel is the two-pronged analysis found in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *State v.*

*Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 10. Appellant "must prove that his counsel [was] deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal." *State v. Sheppard*, 91 Ohio St.3d 329, 330, 744 N.E.2d 770 (2001), citing *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus. Appellant "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). Appellate counsel is neither required to raise and argue assignments of error that are meritless, nor is counsel ineffective for not raising every conceivable assignment of error. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *State v. Gumm*, 73 Ohio St.3d 413, 653 N.E.2d 253 (1995).

{¶5} Appellant maintains that his appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel. Appellant contends that his trial counsel was ineffective in the alleged respects that are itemized below:

(1)    failing to adequately investigate the case;

(2)    disregarding information identifying the true offenders;

(3)    withholding the case discovery after numerous requests;

(4)    allowing his speedy trial right to be violated;

(5)    pressuring and coercing him to plead guilty;

(6)    failing to seek withdrawal of his guilty plea; and

(7)  failing to inquire into the specifics of how and why he was pressured and coerced to plead guilty.

{¶6} The principles of res judicata bar appellant from raising any issues that were raised previously or could have been raised previously in an appeal. *Were* at ¶ 7. Appellant has already alleged, in his initial appeal, that his trial counsel pressured and coerced him into entering the guilty plea. We found that appellant, in his pro se motion, failed to submit supporting material containing information that defense counsel coerced his guilty plea. *Westley*, 8th Dist. No. 97650, 2012-Ohio-3571, ¶ 8, 11. Appellant's claims identified in items 5 and 7 above are barred by res judicata.

{¶7} Appellant contends in item 6 that his trial counsel failed to seek withdrawal of his guilty plea. The record demonstrates that trial counsel adopted appellant's pro se motion to withdraw his guilty plea. The court held a full and impartial hearing on this motion where appellant's trial counsel advocated in support of the motion. *Id.* at ¶ 11. Accordingly, appellant's claims with regard to item 6 are not supported by the record and could not have served as a legitimate basis for an ineffective assistance of counsel claim on appeal.

{¶8} The record does not support appellant's contention that his speedy trial rights were violated. Appellant concedes that the record contains multiple continuances at appellant's request that tolled the speedy trial time. With these tolling events, appellant's case was resolved well within the speedy trial limits. Appellant bases his speedy trial violation claim on his contention that he did not authorize these continuances and a general assertion that they were "unnecessary." We note that ongoing discovery

was the reason for many of the continuances, and there is no indication in the record that any of the continuances were unnecessary.

{¶9} In a similar vein, appellant asserts that his counsel failed to adequately investigate the case, disregarded the alleged true offenders, and withheld discovery from him. There is nothing in this record that would support any of these contentions.

{¶10} To the extent that appellant's arguments rely upon matters outside the trial court record, it would have been inappropriate for appellate counsel to have assigned errors on those grounds. *State v. Budreaux*, 8th Dist. No. 63698, 2003-Ohio-4335, ¶ 8, citing *State v. McNeal*, 8th Dist. No. 77977, 2002-Ohio-4764, ¶ 12 (issues based on evidence outside the trial record should be raised in postconviction proceedings). The alleged instances of ineffective assistance of trial counsel set forth in items 1-4 above rely on information that is outside the trial record and therefore could not form the basis of an error on a direct appeal. Appellate counsel was not ineffective for failing to raise those meritless claims.

{¶11} For all of the foregoing reasons, appellant has not met the standard for reopening his appeal. The application to reopen is denied.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KENNETH A. ROCCO, J., CONCUR