[Cite as *State v. Glenn*, 2021-Ohio-1587.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Nos. 109769, 109796 and 109858 |
| v. | : | |
| RUFUS GLENN, JR., | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 6, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-636987-A, CR-19-640725-A and CR-19-635995-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Ayoub Dakdouk, Assistant Prosecuting Attorney, *for appellee.*

Patrick S. Lavelle, *for appellant.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Appellant, Rufus Glenn, Jr. ("Glenn") appeals the judgment of the trial court in denying his presentence request to withdraw his guilty plea and asserts

that the lower court denied him the right to be represented by counsel at his sentencing hearing. We affirm.

{¶ 2} Glenn was indicted by a Cuyahoga County Grand Jury in Cuyahoga C.P. No. CR-19-635995-A ("635995") for two counts of escape; in Cuyahoga C.P. No. CR-19-640725-A ("640725") for two counts of illegal "possess" of firearm in liquor permit premises and two counts of having weapons while under disability and, in Cuyahoga C.P. No. CR-19-636987-A ("636987"), he was charged with one count of aggravated burglary with notice of prior conviction, a repeat violent offender specification and a forfeiture clause; one count of aggravated burglary with one- and three-year firearm specifications, a notice of prior conviction, a repeat violent offender specification and a forfeiture clause; one count of felonious assault with one- and three-year firearm specifications, a notice of prior conviction, a repeat violent offender specification and a forfeiture clause; one count of domestic violence with a forfeiture clause; improperly handling firearm in a motor vehicle with a forfeiture clause; carrying a concealed weapon with a forfeiture clause; receiving stolen property with a forfeiture clause and two counts of having a weapon while under disability with one- and three-year firearm specifications and a forfeiture clause.

{¶ 3} Case number 636987 did proceed to trial by a jury and, in the midst of said trial, Glenn entered a plea of guilty to a charge of burglary under Count 1 with the notice of prior conviction and repeat violent offender specification deleted; a charge of felonious assault with the deletion of the three-year firearm specification,

notice of prior conviction and repeat violent offender specification under Count 3 and having weapons while under disability with the deletion of the three-year firearm specification.

{¶ 4} On that same date, Glenn entered a plea of guilty to the charges as indicted in both 640725 and 635995.

{¶ 5} He was referred for a presentence investigation report and advised that the agreed recommended sentencing range of four to six years was merely a recommendation to the court by the state and defense counsel.

{¶ 6} On March 19, 2020, Glenn was sentenced to an aggregate term of eight years for the three cases and was advised of mandatory postrelease control for a period of five years in 636987 and three years of discretionary postrelease control in 635995 and 640725.

{¶ 7} Prior to sentencing, the trial court did acknowledge and address Glenn's pro se filing of "Motion to Vacate for lack of knowing and intellagent [sic] plea." Defense counsel was given an opportunity to be heard on Glenn's pro se motion as it alleged that counsel was not effective. Glenn then addressed the court and stated that after he spoke to counsel and his family, who were present, that he "was under a lot of pressure. Like I ain't want to go forward with that plea... They [his family] basically want me to take this plea, begging me to take this plea. It was just too much pressure."

{¶ 8} The trial court then reviewed the history of the case including conversations with Glenn's two prior attorneys and the fact that during the lunch

recess on the first day of trial, the trial judge was advised of Glenn's desire to enter pleas which was then effectuated.

{¶ 9} Glenn appealed, raising two assignments of error for review.

**First Assignment of Error**

{¶ 10} In his first assignment of error, Glenn argues that the lower court abused its discretion when it denied appellant's presentence request to withdraw his guilty plea.

{¶ 11} A motion to withdraw a guilty plea is governed by Crim.R. 32.1 which reads:

> A motion to withdraw a plea of guilty or no contest may be made only before sentencing is imposed; but to correct manifest injustice the court after sentencing may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶ 12} A defendant, however, does not have an absolute right to withdraw his plea prior to sentencing and it is within the sound discretion of the trial court to determine what circumstances justify the granting of any such motion. *State v. Westley*, 8th Dist. Cuyahoga No. 97650, 2012-Ohio-3571, ¶ 7, citing *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶ 13} Prior to ruling on any such motion, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawal of the plea. *Xie* at paragraph one of the syllabus.

{¶ 14} A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2)

where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw if filed, the accused is given a complete and impartial hearing on the motion and (4) where the record reveals that the court gave full and fair consideration to the plea-withdrawal request. *State v. Peterseim,* 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980).

{¶ 15} After reviewing the record, we find that the trial court did not abuse its discretion in denying Glenn's motion to withdraw his pleas.

{¶ 16} Glenn was represented by highly competent counsel during the plea hearing which did comport completely with Crim.R. 11. Glenn indicated during that plea colloquy that he was satisfied with counsel and the following exchange was had:

> THE COURT: Other than what we talked about now, before, whenever it was the last time we were on the record in the last week or two, has anybody made any threats to you or promises to you in order to get you to change your plea?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: And whose decision is it to plea here today?
>
> THE DEFENDANT: Mines [sic].

{¶ 17} Counsel successfully negotiated a plea with the state of Ohio that included the dismissal of a variety of specifications and the reduction of a charge.

{¶ 18} Prior to sentencing, the trial court did provide an opportunity for Glenn to be fully heard, on the record, during which time he claims to have been pressured by his family to accept the plea which, again, was entered mid-trial.

{¶ 19} There is nothing in the record before us that demonstrates that Glenn's motion to withdraw his guilty pleas was based on anything more than a change of heart. We cannot say that the trial court abused its discretion when it denied Glenn's motion.

{¶ 20} The first assignment of error is overruled.

**Second Assignment of Error**

{¶ 21} In his second assignment of error, Glenn argues that the lower court denied him the right to be represented by counsel at the sentencing hearing. Appellant states in his brief that "the lower court did not have the time or inclination to allow Defense counsel much of an opportunity to speak in mitigation at the sentencing hearing. When defense counsel requested permission to speak, the lower court simply told him 'no.'" That is not the case. Defense counsel spoke fully and eloquently to the court on behalf of his client. He objected to the use of "jailhouse" phone calls by the state of Ohio which they sought to offer at the sentencing hearing, he reminded the court that there was an agreed recommended sentence and, in fact, interjected and asked to be heard for a second time prior to Glenn addressing the court.

{¶ 22} The Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions, the accused shall… have the assistance of counsel for his defense." In this case, Glenn was represented by counsel at his sentencing hearing who was afforded the opportunity to speak on behalf of his client without limitation.

{¶ 23} The second assignment of error is overruled.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry out this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR