[Cite as *State v. Philpot*, 2022-Ohio-1499.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                                          No. 110828

    v.                                      :

ADOLPHUS PHILPOT,                :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 5, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-658357-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen L. Hatcher, Assistant Prosecuting Attorney, *for appellee.*

Mary Catherine Corrigan and Britt Newman, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Adolphus Philpot ("Philpot"), appeals his guilty plea and sentence for felonious assault and having weapons while under disability ("HWWUD"). For the reasons set forth below, we affirm the trial court's judgment.

{¶ 2} In April 2021, Philpot was charged with two counts of felonious assault (Counts 1 and 2) and one count of HWWUD (Count 3).[1] Each of the felonious assault counts carried one- and three-year firearm specifications. On the day of trial, July 1, 2021, plaintiff-appellee, the state of Ohio, offered Philpot two plea options. The trial court gave Philpot additional time, off the record, to discuss the options before proceeding with trial.

{¶ 3} When the matter resumed on the record, the state explained that there was an oversight in the plea agreement regarding the HWWUD count, which was not included in either plea option. Defense counsel for Philpot explained to the court that he confirmed with the state that Philpot accepted option 1, which was pleading guilty to felonious assault (Count 2), with a one-year firearm specification, and the remaining specification and all other counts would be dismissed. Then, before the matter was to resume on the record again, he was advised that an additional count was added to the plea, the HWWUD. The trial court stated:

> Well, let me say this; I almost never get involved in plea bargaining, and I will acknowledge that any time you're admitting to a crime, any crime, there is — it's a disadvantage to you. You have a record of a felony conviction. So acknowledging that and generally being reluctant to insert myself into the plea bargaining, what if I say this; I don't know if Mr. Philpot has a plea bargain what his sentence will be — sentences, there's more than one charge, but I will say if he pled to a felonious assault that had a firearm spec prison is mandatory. What if there's an understanding that if he is sent to prison on a weapons under disability that it would be; A, equal to or less time than on the felonious and; B, concurrent?

---

[1] Philpot's bond was revoked on June 24, 2021, after evidence at a hearing revealed that Philpot violated the conditions of his bond by calling the victim and offering money to drop the accusations against him.

(Tr. 38, July 1, 2021.)

{¶ 4} The trial court then gave Philpot time to discuss the matter with defense counsel off the record. When the matter resumed on the record, defense counsel indicated that Philpot accepted the plea agreement with the addition of the HWWUD count. The trial court then proceeded with the Crim.R. 11 plea colloquy, and Philpot pled guilty to an amended count of felonious assault (Count 2), with a one-year firearm specification attached, and HWWUD (Count 3). The remaining count and firearm specifications were dismissed. At the court's suggestion, both parties agreed for the court to use a previous presentence investigation report from 2015 for Philpot.

{¶ 5} On July 23, 2021, Philpot filed a presentence motion to withdraw his guilty plea. The trial court held a hearing on the matter on August 5, 2021. Philpot argued that he felt coerced to accept the plea agreement because the state changed the plea after he communicated to the state that he would accept it. As a result, Philpot claimed he was in a "very pressured situation" and did not have ample time to do a "cost-benefit analysis." The state acknowledged that there was some confusion regarding the plea at the time, but Philpot did proceed through the Crim.R. 11 colloquy without raising that concern and the trial court complied with Crim.R. 11. The court denied the motion, finding that while "the question of what to do about the weapons under disability charge was apparently not resolved between the parties before we went on the record that hearing, [the issue] was adequately

addressed during the change of plea hearing." As a result, the court found that "the guilty plea was knowingly and voluntarily made."

{¶ 6} Before the court could proceed directly to sentencing, Philpot indicated he was unsatisfied with defense counsel's representation and would like new assigned counsel. Philpot stated that he was dissatisfied because he just received discovery. When the trial court inquired further, Philpot stated that defense counsel had advised what he learned but did not give him actual copies of documents until the day of the hearing. Philpot also stated that he felt rushed in taking the plea but did acknowledge that he had a thorough conversation with the court about his plea and sentence. The trial court stated that the criminal rules were followed, and Philpot was given the proper advisements. The court further stated to Philpot that it did not "remember you ever telling me you didn't understand what was going on or that you were too rushed[.]" (Tr. 95, Aug. 5, 2021.). After giving defense counsel an opportunity to speak, the trial court denied the motion.

{¶ 7} The matter then proceeded to sentencing on August 31, 2021. The trial court sentenced Philpot to one year in prison on the firearm specification, to be served prior and consecutive to the felonious assault charge (Count 2). The trial court sentenced Philpot to an indefinite sentence of three to four-and-one-half years pursuant to the Reagan Tokes Law on felonious assault, a second-degree felony. The trial court imposed a sentence of 24 months on HWWUD (Count 3), a third-degree felony, to be served concurrently with the sentence on Count 2.

{¶ 8} Philpot now appeals, raising the following four assignments of error for our review, which shall be discussed together where appropriate.

> First Assignment of Error: The trial court abused its discretion when it failed to grant [Philpot's] pre-sentence motion to withdraw plea.

> Second Assignment of Error: The trial court violated the [Philpot's] Sixth Amendment rights to the effective assistance of counsel when it failed to grant a substitution of assigned counsel.

> Third Assignment of Error: Trial counsel was ineffective for failing to object to the imposition of the Reagan Tokes tail.

> Fourth Assignment of Error: The trial court erred by imposing an unconstitutional sentence pursuant to the Reagan Tokes Act.

**Presentence Motion to Withdraw Plea**

{¶ 9} In the first assignment of error, Philpot argues the trial court abused its discretion when it denied his presentence motion to withdraw his guilty plea.

{¶ 10} Under Crim.R. 32.1, a criminal defendant may move to withdraw a guilty plea before sentence is imposed. Generally, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). A defendant, however, "does not have an absolute right to withdraw a plea prior to sentencing." *Id.* at paragraph one of the syllabus. "[T]he trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.*

{¶ 11} Appellate courts review a trial court's ruling on a presentence motion to withdraw a guilty plea for an abuse of discretion. *Id.* at paragraph two of the syllabus. An abuse of discretion occurs when the trial court's ruling was

"'unreasonable, arbitrary or unconscionable.'" *Id.*, quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 12} This court has held that a trial court's denial of a presentence motion to withdraw is not an abuse of discretion when the record reflects: (1) the defendant is represented by highly competent counsel; (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea; (3) after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) the court gives full and fair consideration to the plea withdrawal request. *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980).

{¶ 13} In addition to the *Peterseim* factors, Ohio courts have recognized a nonexhaustive list of additional factors, which trial courts should also consider when deciding a presentence motion to withdraw a plea. *State v. Walcot*, 8th Dist. Cuyahoga No. 99477, 2013-Ohio-4041, ¶ 19. These factors include whether: (5) the state will be prejudiced by the withdrawal; (6) the motion was made timely; (7) the motion states specific reasons for withdrawal; (8) the defendant understood the nature of the charges and the possible penalties; and (9) whether the defendant was perhaps not guilty or had a complete defense. *Id.*, citing *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995); *State v. Moore*, 8th Dist. Cuyahoga No. 98132, 2012-Ohio-5734. "A mere change of heart regarding the guilty plea and the possible sentence is not a legitimate basis for the withdrawal of a plea." *State v. Westley*, 8th Dist. Cuyahoga No. 97650, 2012-Ohio-3571, ¶ 7, citing *State v. Drake*,

73 Ohio App.3d 640, 645, 598 N.E. 2d 115 (8th Dist.1991); *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988).

{¶ 14} With regard to the *Peterseim* factors, Philpot argues that he was not represented by "highly competent counsel" because the plea offers changed by adding an additional third-degree felony, he had not sufficiently reviewed the discovery or viewed the video with defense counsel, and defense counsel indicated that he would file a sentencing memorandum and never did. Philpot also argues that while the trial court asked the proper questions during his plea colloquy, the court should have ceased the plea hearing once Philpot advised that he could not read and had untreated mental health issues. He further argues the trial court did not give him full and fair consideration of his motion.

{¶ 15} After reviewing the record in the instant case, we find that the trial court did not abuse its discretion in denying Philpot's presentence motion to withdraw his guilty plea. Although Philpot claims he was not represented by highly competent counsel, defense counsel negotiated a plea that deleted a three-year firearm specification, reducing his mandatory sentence by two years and dismissed the other felonious assault count and accompanying firearm specifications. During the plea colloquy, Philpot indicated that he was satisfied with counsel and the plea agreement with the state. Philpot did not protest when the trial court asked his plea on the felonious assault count. While it is concerning that HWWUD was not included in the state's initial two plea options, the record reveals that the trial court afforded Philpot time to discuss this with his counsel off the record, he agreed to

continue with the plea, and the trial court comported completely with a proper Crim.R. 11 hearing.

{¶ 16} The record further demonstrates that Philpot was properly advised of the rights he was waiving and the potential sentences, including that there was a mandatory prison sentence. The trial court explained to Philpot that a not-guilty verdict at trial may be possible and asked if he wanted the trial or the plea bargain. Philpot did not object when the trial court asked his plea on the felonious assault count. Rather, he replied that he wanted the plea deal. "A trial court's adherence to Crim.R. 11 raises a presumption that a plea is voluntarily entered." *State v. Abercrombie*, 8th Dist. Cuyahoga No. 108147, 2019-Ohio-4786, ¶ 12, citing *State v. McKissick*, 8th Dist. Cuyahoga No. 105607, 2018-Ohio-282, ¶ 23.

{¶ 17} Additionally, the record demonstrates that Philpot was given an impartial hearing on his motion to withdraw, and the trial court gave his motion full and fair consideration. At the hearing, Philpot personally addressed the court and indicated that he did not see his discovery and he felt pressured to accept the plea. The trial court noted that Philpot's motion was one sentence and did not state any reason for the withdrawal. The trial court denied the motion, finding that the guilty plea was knowingly and voluntarily made. The trial court acknowledged that "the question of what to do about the weapons under disability charge was apparently not resolved between the parties before we went on the record that hearing, but I also find that it was adequately addressed during the change of plea hearing." (Tr. 88, Aug. 5, 2021.)

{¶ 18} At his sentencing hearing, Philpot was able to personally address the withdrawal of his plea for a second time. Philpot indicated to the court that he reviewed discovery and his concern was that the federal agents had not recovered the gun used during the execution of a search warrant, which he believed to be evidence in his favor. While a claim of innocence is a factor to be weighed in considering a motion to withdraw a plea, it alone does not mandate the granting of such a motion. *Westley*, 8th Dist. Cuyahoga No. 97650, 2012-Ohio-3571, at ¶ 7. Indeed, "[w]hen faced with this claim, 'the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement.'" *Id.*, quoting *State v. Kramer*, 7th Dist. Mahoning No. 01-C.A.-107, 2002-Ohio-4176, ¶ 58.

{¶ 19} Philpot failed to explain why the plea was not otherwise knowingly, intelligently, and voluntarily made. His reasons amount to nothing more than a change of heart, given that Philpot's reasons for withdrawing his plea were not raised during the plea hearing, including any objection to the plea because he could not read and had untreated mental health issues. Therefore, based on the foregoing, we cannot say the trial court abused its discretion when it denied Philpot's motion.

{¶ 20} Accordingly, the first assignment of error is overruled.

**Substitution of Counsel**

{¶ 21} In the second assignment of error, Philpot argues he was denied his right to effective assistance of counsel when the trial court did not grant his request for substitution of assigned counsel. Philpot claims there was a breakdown in

communications between himself and defense counsel. He further claims that defense counsel stated he would file a sentencing memorandum and failed to do so.

{¶ 22} Appellate courts review a trial court's decision whether to remove court-appointed counsel for an abuse of discretion. *State v. Pendergrass*, 8th Dist. Cuyahoga No. 104332, 2017-Ohio-2752, ¶ 15. The defendant bears the burden of demonstrating proper grounds for the appointment of new counsel. *State v. Patterson*, 8th Dist. Cuyahoga No. 100086, 2014-Ohio-1621, ¶ 18. Defendant's right to counsel "'does not extend to counsel of the defendant's choice.'" *Id.* at ¶ 20, quoting *Thurston v. Maxwell*, 3 Ohio St.2d 92, 93, 209 N.E.2d 204 (1965). Rather, in order for the court to discharge a court-appointed attorney, the defendant must demonstrate "'a breakdown in the attorney-client relationship of such magnitude as to jeopardize a defendant's right to effective assistance of counsel.'" *State v. Coleman*, 37 Ohio St.3d 286, 292, 525 N.E.2d 792 (1988), quoting *People v. Robles*, 2 Cal.3d 205, 215, 85 Cal.Rptr. 166, 466 P.2d 710 (1970). Specifically, Philpot must show "a conflict of interest, a complete breakdown in communication or an irreconcilable conflict * * * lead[ing] to an apparently unjust [result]." *State v. Pruitt*, 18 Ohio App.3d 50, 57, 480 N.E.2d 499 (8th Dist.1984).

{¶ 23} The Ohio Supreme Court has recognized that while personality conflicts between an attorney and a client may exist, a change in appointed counsel is not justified in cases where the conflict did not interfere with the preparation or presentation of a competent defense. *State v. Henness*, 79 Ohio St.3d 53, 65-66, 679

N.E.2d 686 (1997); *see also State v. Gordon*, 149 Ohio App.3d 237, 2002-Ohio-2761, 776 N.E.2d 1135, ¶ 12 (1st Dist.).

{¶ 24} In the instant case, defense counsel advised the court, after it denied Philpot's motion to withdraw his plea and prior to sentencing, that Philpot was dissatisfied with defense counsel's representation and would like new assigned counsel. Philpot was dissatisfied because he just received paper discovery.[2] When the trial court inquired further, Philpot admitted that defense counsel had advised what he learned but did not give him actual copies of documents until the day of the hearing. Philpot did not point out any inconsistency in what he learned and what the paper discovery revealed. Philpot also stated that he felt rushed in taking the plea but did acknowledge that he had a thorough conversation with the court about his plea and sentence. The trial court stated that the criminal rules were followed, and it did not "remember you ever telling me you didn't understand what was going on or that you were too rushed[.]" (Tr. 95, Aug. 5, 2021.)

{¶ 25} Based on the foregoing, we cannot find that there was a complete breakdown in communication or an irreconcilable conflict because the record demonstrates that Philpot wanted substitute counsel only after the trial court denied his motion to withdraw his plea and was about to proceed to sentencing.

---

[2] The record reveals that defense counsel filed discovery and appeared at Philpot's bond revocation hearing.

{¶ 26} With regard to the sentencing memorandum, defense counsel indicated to the court that he would file a sentencing memorandum but ultimately did not do so. This court has stated that

> [w]e are aware of no authority for the proposition that defense counsel must file a sentencing memorandum[.] Crim.R. 32(A) requires the court, at the time of sentencing, to afford both defense counsel and the prosecuting attorney "an opportunity to speak." * * * The manner in which defense counsel can "speak" on sentencing matters is undefined and left to the judgment of defense counsel as a matter of strategy.

*State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 4.

{¶ 27} While defense counsel did not speak at sentencing because of Philpot's motion for substitute counsel, Philpot did speak on his own behalf, reasserting the reasons that he wanted to withdraw his plea.[3] Prior to imposing its sentence, the trial court stated:

> Mr. Philpot, I want you to know that in imposing the following sentences, I have taken into account everything that I know about you and about your case, which is actually a considerable amount of information. It includes what was said at the bond hearing when [the victim] testified one time, certainly includes what's been said at the change of plea hearing, and what has been put on the oral record today. It also includes consideration of the old presentence report, as I mentioned, just to get a sense of your social, academic and criminal history. Finally, Mr. Philpot, I've taken into account the sentencing laws of Chapter 2929 of the Ohio Revised Code.

(Tr. 118-119, Aug. 31, 2021.)

{¶ 28} The trial court then imposed a sentence of one year on the firearm specification to be served prior and consecutive to the three years in prison on the

---

[3] Prior to Philpot addressing the court, the trial court, at defense counsel's request, went off the record so that defense counsel could advise Philpot about the legal implications of making statements on the record when he is representing himself.

felonious assault. We note that this sentence is one year more than the minimum term and the trial court's sentence on HWWUD count was ordered to be served concurrent to the felonious assault count. At the plea hearing, Philpot indicated that he understood that he was subject to a mandatory prison term of up to two to eight years for felonious assault.

{¶ 29} In light of the foregoing, Philpot has failed to demonstrate a complete breakdown in communication with defense counsel and how defense counsel's failure to file a sentencing memorandum led to an apparently unjust result. Therefore, we find that the trial court did not abuse its discretion when it denied Philpot's motion for new, assigned counsel.

{¶ 30} Accordingly, the second assignment of error is overruled.

**Effective Assistance of Counsel and Reagan Tokes**

{¶ 31} In the third assignment of error, Philpot argues trial counsel was ineffective for failing to object to the constitutionality of the imposition of the Reagan Tokes tail. He contends that if he knew defense counsel needed to object to the indefinite sentence or else waive the issue for appeal, he would have proceeded to trial. In the fourth assignment of error, Philpot argues that the Reagan Tokes Act is unconstitutional.

{¶ 32} To establish ineffective assistance of counsel, Philpot must demonstrate that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 98, citing

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The failure to prove either prong of this two-part test makes it unnecessary for a court to consider the other prong. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000), citing *Strickland* at 697.

{¶ 33} A review of the record in the instant case reveals defense counsel did not object to the imposition of an indefinite sentence under the Reagan Tokes Act. We recognize that this court has declined to address constitutional challenges to the Reagan Tokes Act when defendants did not object to their sentences or otherwise raise the constitutionality of the Act at their sentencing hearing. *See State v. Jenkins*, 8th Dist. Cuyahoga No. 109323, 2021-Ohio-123, ¶ 20-24; *State v. White*, 8th Dist. Cuyahoga No. 109652, 2021-Ohio-126, ¶ 6-11. Here, however, defense counsel's failure to object did not prejudice the defendant so as to deprive him of a fair trial because this court recently found the Reagan Tokes Act to be constitutional in our en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. Therefore, Philpot cannot show prejudice even if we assume deficient performance.

{¶ 34} Accordingly, the third and fourth assignments of error are overruled.

{¶ 35} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

SEAN C. GALLAGHER, A.J., and
EILEEN T. GALLAGHER, J., CONCUR


N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.