[Cite as *State v. Hatchell*, 2023-Ohio-3713.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,          :

                                                   No. 112331

    v.                           :

OCTAVIA HATCHELL,                        :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, VACATED IN PART,
REVERSED IN PART, AND REMANDED

**RELEASED AND JOURNALIZED:** October 12, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-660777-A and CR-22-668870-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Halie Turigliatti, Assistant Prosecuting Attorney, *for appellee*.

Scott J. Friedman, *for appellant*.

MARY EILEEN KILBANE, P.J.:

{¶ 1} Defendant-appellant Octavia Hatchell ("Hatchell") appeals his sentencing for two criminal cases. For the following reasons, we affirm in part,

vacate in part, reverse in part, and remand for further proceedings consistent with this opinion.

**Factual and Procedural History**

{¶ 2} On June 29, 2021, in Cuyahoga C.P. No. CR-21-660777-A, a Cuyahoga County Grand Jury indicted Hatchell on Count 1, kidnapping in violation of R.C. 2905.01(A)(3); Count 2, burglary in violation of R.C. 2911.12(A)(1); Count 3, aggravated menacing in violation of R.C. 2903.21(A); Count 4, assault in violation of R.C. 2903.13(A); Count 5, improperly discharging into a habitation with one- and three-year firearm specifications and a five-year drive-by shooting firearm specification; Count 6, discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3), with one- and three-year firearm specifications; and Count 7, having weapons while under disability in violation of R.C. 2923.13(A)(2). The charges arose from two separate incidents. The first incident occurred on June 6, 2021, when Hatchell allegedly abducted and physically assaulted T.B., a woman with whom Hatchell had a prior intimate relationship, and the second incident occurred on June 8, 2021, when Hatchell allegedly shot a firearm into T.B.'s home. On July 14, 2021, Hatchell pleaded not guilty to the indictment.

{¶ 3} On March 28, 2022, in Cuyahoga C.P. No. CR-21-668870-A, a Cuyahoga County Grand Jury indicted Hatchell on Count 1, attempted murder in violation of R.C. 2923.02(A); Count 2, felonious assault in violation of R.C. 2903.11(A)(1); Count 3, felonious assault in violation of R.C. 2903.11(A)(2); and

Count 4, having weapons while under disability in violation of R.C. 2923.13(A)(2). Counts 1, 2, and 3 also charged Hatchell with one- and three-year firearm specifications and a five-year drive-by shooting firearm specification. The charges arose from an incident on March 17, 2022, when Hatchell allegedly shot into the vehicle of T.W., a woman with whom Hatchell had a prior intimate relationship, causing her injuries. Upon the arrival of the police, T.W. allegedly identified Hatchell as the shooter. Ballistic testing from the bullets recovered from the shootings of T.W.'s vehicle and T.B.'s home allegedly showed the bullets came from the same firearm. On March 31, 2022, Hatchell pleaded not guilty to the charges.

{¶ 4} On May 16, 2022, Hatchell's defense counsel, who represented Hatchell in both cases, made an oral motion to withdraw; the trial court granted the motion. On the same date, the trial court assigned new defense counsel to represent Hatchell.

{¶ 5} On December 5, 2022, the trial court conducted a plea hearing. At the hearing, Hatchell stated that he was not under the influence of any medication, drugs, or alcohol that impacted his understanding of the proceedings. Hatchell denied anyone threatened or promised him a certain outcome upon his entering a plea. Hatchell confirmed he had adequate time to consult with his attorney, and he was satisfied with his representation. Hatchell also stated that he understood the allegations contained in each indictment; that a plea of guilty was a complete admission of his guilt; and that the court could proceed to sentencing upon submission of his plea. The trial court provided Hatchell with the statutory Reagan

Tokes advisements. The trial court outlined minimum and maximum sentences associated with the charges, including the mandatory prison sentence related to the one-year firearm specification, and advised Hatchell on postrelease control and court costs. The trial court incorrectly stated the potential maximum sentence on the burglary offense was 36 months rather than 60 months.[1] The trial court personally addressed Hatchell and advised him of his constitutional rights pursuant to Crim.R. 11. The trial court stated Hatchell was making a knowing, intelligent, and voluntary decision to withdraw his prior pleas.

{¶ 6} In regard to Cuyahoga C.P. No. CR-21-660777, Hatchell pleaded guilty to amended Count 1, abduction, a felony of the third degree in violation of R.C. 2905.02(A)(1); amended Count 2, burglary, a felony of the third degree in violation of R.C. 2911.12(A)(3); and amended Count 5, improperly discharging into a habitation, a felony of the second degree in violation of R.C. 2923.161(A)(1). The trial court nolled Counts 3, 4, 6, and 7 and Count 5's firearm specifications. In Cuyahoga C.P. No. CR-21-668870, Hatchell pleaded guilty to amended Count 2, felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(1) with a three-year firearm specification and Count 4, having weapons while under disability, a felony of the third degree in violation of R.C. 2923.13(A)(2). The court nolled Counts 1 and 3. The trial court referred Hatchell to the county probation department and court psychiatric clinic.

---

[1] *See* R.C. 2929.14(A)(3)(a).

{¶ 7} On December 27, 2022, Hatchell filed a pro se motion to withdraw his guilty pleas. On January 9, 2023, the trial court conducted a hearing where it initially heard from Hatchell and his counsel regarding Hatchell's motion to withdraw his guilty pleas. The trial court denied the motion and proceeded to sentencing.

{¶ 8} The trial court sentenced Hatchell in Cuyahoga C.P. No. CR-21-660777 to 48 months on amended Count 1, abduction, and 48 months on amended Count 2, burglary. Amended Count 5, improperly discharging into a habitation, was subject to the Reagan Tokes Law, and the trial court imposed a total aggregate sentence of seven to ten and one-half years on that count. The sentences on Counts 1 and 2 were to run concurrent to each other and concurrent to the sentence imposed in Cuyahoga C.P. No. CR-21-668870-A.

{¶ 9} In Cuyahoga C.P. No. CR-21-668870-A, on Count 2, felonious assault, the trial court sentenced Hatchell to three years on the firearm specification to be served prior to and consecutive to the underlying offense. On Count 2's underlying offense that was subject to the Reagan Tokes Law, the trial court imposed a sentence of seven years to ten and one-half years. On Count 4, having weapons while under disability, the trial court sentenced Hatchell to 48 months. The sentences on the two counts were to run concurrent to each other and concurrent to the sentence imposed in Cuyahoga C.P. No. CR-21-660777-A. The trial court also imposed postrelease control.

{¶ 10} During the sentencing hearing, the trial court provided some, but not all, of the Reagan Tokes advisements required under R.C. 2929.19(B)(2)(c)(iv).

{¶ 11} On January 17, 2023, appellant filed a timely appeal, presenting these assignments of error for our review:

> Assignment of Error 1: The appellant's sentence was contrary to law and should be reversed because the trial court failed to provide all advisements required by R.C. 2929.19(B)(2)(c).

> Assignment of Error 2: As amended by the Reagan Tokes Act, the Revised Code's sentences for first- and second-degree qualifying felonies violate the Constitutions of the United States and State of Ohio.

> Assignment of Error 3: The trial court abused its discretion when it denied the appellant's motion to withdraw his guilty plea.

> Assignment of Error 4: The trial court imposed unlawful sentences for third-degree felonies.

{¶ 12} On September 5, 2023, this court sua sponte ordered the parties to provide supplemental briefing on whether the trial court afforded Hatchell a plea hearing in compliance with Crim.R. 11 so that his plea was made knowingly, intelligently, and voluntarily. The parties filed supplemental briefing that raised an additional assignment of error:

> Assignment of Error 5: The appellant's plea must be vacated because the trial court failed to substantially comply with Crim.R. 11.

**Legal Analysis**

**Reagan Tokes Statutory Advisements**

{¶ 13} In his first assignment of error, Hatchell argues that his sentences were contrary to law and subject to reversal because the trial court failed to provide

the Reagan Tokes advisements specified in R.C. 2929.19(B)(2)(c)(iv). The state argues that the trial court substantially complied with the statutory advisements or, alternatively, the proper remedy is remand for the sole purpose of providing the required notifications.

{¶ 14} When a trial court imposes a non-life felony indefinite sentence pursuant to the Reagan Tokes Law, R.C. 2929.19(B)(2)(c) requires that the court notify the offender of the following advisements:

> (i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;
>
> (ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;
>
> (iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;
>
> (iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

{¶ 15} The trial court must provide these notices at the time of sentencing. *State v. Gates*, 8th Dist. Cuyahoga No. 110616, 2022-Ohio-1666, ¶ 25. "A trial court is not required to use the precise wording of the statute but must convey the information required by these notice provisions." *State v. Bradley*, 8th Dist. Cuyahoga No. 110882, 2022-Ohio-2954, ¶ 13.

{¶ 16} Although the trial court informed Hatchell of the statutory advisements at the plea hearing, we must look to the advisements provided at the sentencing hearing. A review of the sentencing hearing transcript demonstrates that the trial court did not notify Hatchell of all the required advisements under R.C. 2929.19(B)(2)(c). The state concedes in its appellee brief that the trial court did not specifically comply with the R.C. 2929.19(B)(2)(c) advisement requirements.

{¶ 17} This court has held that a failure to fully notify an offender of the Reagan Tokes statutory advisements does not undermine the conviction. *State v. Laws*, 8th Dist. Cuyahoga No. 111591, 2023-Ohio-77, ¶ 23. Absent the full statutory advisements, the proper remedy is to remand the case for the limited purpose of providing the offender with the required R.C. 2929.19(B)(2)(c) notifications. *Gates* at ¶ 27. Thus, we sustain Hatchell's first assignment of error and remand so that the trial court can provide Hatchell with the required Reagan Tokes statutory advisements.

**Reagan Tokes Law**

{¶ 18} In his second assignment of error, Hatchell argues that the Reagan Tokes Law, enacted under S.B. 201 and R.C. 2901.011, is unconstitutional and, therefore, the sentences imposed under that law are invalid. Specifically, Hatchell argues that his indefinite sentences under the Reagan Tokes Law violate his constitutional right to a jury trial, the separation-of-powers doctrine, and his due process rights.

{¶ 19} In *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535, the Ohio Supreme Court recently upheld the constitutionality of the Reagan Tokes Law, thereby overruling Hatchell's arguments.

{¶ 20} Thus, we overrule Hatchell's second assignment of error.

**Presentence Motion to Withdraw Guilty Plea**

{¶ 21} In his third assignment of error, Hatchell argues that the trial court abused its discretion when it denied his presentence motion to withdraw his guilty plea. Specifically, Hatchell argues that the trial court should have granted his motion because he presented the motion prior to sentencing and courts should freely and liberally grant such motions pursuant to *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶ 22} "We review a trial court's ruling on a motion to withdraw a guilty plea for abuse of discretion." *State v. Hines*, 8th Dist. Cuyahoga No. 108326, 2020-Ohio-663, ¶ 7, citing *Xie* at 526. The term abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5

Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶ 23} A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which reads:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

While a presentence motion to withdraw a guilty plea "should be freely and liberally granted," a defendant does not have an absolute right to withdraw a plea prior to sentencing. *Xie* at 527. "[I]t is within the sound discretion of the trial court to determine what circumstances justify granting such a motion." *State v. Westley*, 8th Dist. Cuyahoga No. 97650, 2012-Ohio-3571, ¶ 6, citing *Xie* at 527. Prior to ruling on a presentence motion to withdraw a plea, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawal of the plea. *Xie* at paragraph one of the syllabus.

{¶ 24} This court has held that a trial court's denial of a motion to withdraw a guilty plea was not an abuse of discretion where the record demonstrates

> "(1) the accused is represented by competent counsel;
> (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea;
> (3) after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and

(4) the court gives full and fair consideration to the plea withdrawal request."

*State v. Griffin*, 8th Dist. Cuyahoga No. 112204, 2023-Ohio-2776, ¶ 15, quoting *State v. Read-Bates,* 8th Dist. Cuyahoga Nos. 108848, 108849, 108850, and 108851, 2020-Ohio-3456, ¶ 16, citing *State v. Peterseim,* 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980).

{¶ 25} Trial courts have also considered this non-exhaustive list of additional factors in its determination of a presentence motion to withdraw a guilty plea:

"(5) whether the motion was made timely; (6) whether the motion states specific reasons for withdrawal; (7) whether the defendant understood the nature of the charges and the possible penalties; (8) whether the defendant was perhaps not guilty or had a complete defense; and (9) whether the state would suffer prejudice if the defendant is allowed to withdraw the plea."

(Citations omitted.) *State v. Balducci*, 8th Dist. Cuyahoga No. 109262, 2020-Ohio-5334, ¶ 30, quoting *Hines*, 8th Dist. Cuyahoga No. 108326, 2020-Ohio-663, at ¶ 10.

{¶ 26} On December 27, 2022, while being represented by counsel, Hatchell filed a pro se presentence motion to withdraw his guilty plea. In the motion, Hatchell argued he wanted to withdraw his guilty plea because it was entered under duress and to avoid any accidental or intentional spoliation of evidence.

{¶ 27} It is well settled that a criminal defendant has the right to counsel or the right to act pro se; however, a defendant does not have the right to both simultaneously or "hybrid representation." *State v. Mongo*, 8th Dist. Cuyahoga No.

100926, 2015-Ohio-1139, ¶ 13, citing *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, paragraph one of the syllabus; *State v. Thompson*, 33 Ohio St.3d 1, 6-7, 514 N.E.2d 407 (1987). The right to counsel and the right to act pro se "are independent of each other and may not be asserted simultaneously." *Martin* at paragraph one of the syllabus. Where a defendant, who is represented by counsel, files pro se motions, "and there is no indication that defense counsel joins in those motions or indicates a need for the relief sought by the defendant pro se," the pro se motions are not proper and the trial court may strike them from the record. *State v. Davis*, 10th Dist. Franklin No. 05AP-193, 2006-Ohio-5039, ¶ 12.

{¶ 28} Here, Hatchell filed a motion to withdraw his guilty plea prior to sentencing. Defense counsel did not file a formal motion on Hatchell's behalf and there was no indication that counsel joined Hatchell in his motion or believed there were grounds for Hatchell to withdraw his guilty plea. On this basis alone, the trial court was entitled to strike Hatchell's pro se motion without further consideration. However, the trial court determined it was appropriate to conduct a complete and impartial hearing and to give full and fair consideration to Hatchell's presentence motion to withdraw his guilty plea.

{¶ 29} Hatchell argued to the trial court that he sought to withdraw his guilty plea that was entered under duress. Hatchell argued that he is not a violent individual, a flight risk, nor a threat to society and he had hoped by entering a guilty plea that he would be released from jail. Hatchell stated his interest in visiting with his son who was in town prior to an overseas deployment and seeing his mother after

the recent death of her two sisters. Hatchell also argued that while he understood the nature of the charges against him, he had not been provided access to all the evidence the state had against him. Hatchell argued the evidence did not support the charges against him.

{¶ 30} Defense counsel conceded several pieces of evidence could not be reviewed by Hatchell because the documents were restricted to viewing by counsel but stated he met with Hatchell numerous times; he attempted to answer all questions posed by his client; and he "shared with Hatchell each and every thing [he] had" on the case. Tr. 37. Defense counsel stated he negotiated a favorable plea agreement on Hatchell's behalf. Defense counsel acknowledged that he and his client disagreed about the characterization of some of the evidence, but he felt Hatchell understood the evidence and the related charges.

{¶ 31} A review of the record demonstrates that Hatchell was represented by extremely experienced counsel when he entered his plea, and Hatchell has not presented any counter arguments that he was not represented by competent counsel. In contrast, Hatchell stated during the hearing on his motion to withdraw that "I know and I heard [that my attorney] is a great attorney." Tr. 28. The trial court provided Hatchell with a full Crim.R. 11 hearing prior to Hatchell entering his plea.[2] Hatchell acknowledged that he understood the nature of the charges and the possible penalties. The record does not support a finding that Hatchell was not

---

[2] The plea hearing's compliance with Crim.R. 11 is addressed and confirmed in this court's discussion of Hatchell's fifth assignment of error.

guilty or had a complete defense to the charges. The trial court provided a complete and impartial hearing on Hatchell's motion to withdraw his guilty plea and full and fair consideration of the plea-withdrawal request.

{¶ 32} Hatchell's motion to withdraw his guilty plea had no substantive basis but indicated he had a change of heart. This court has held a change of heart regarding a guilty plea and the possible sentence does not justify withdrawal of a guilty plea. *State v. Peak*, 8th Dist. Cuyahoga No. 107479, 2019-Ohio-2569, ¶ 14, citing *State v. Norman*, 8th Dist. Cuyahoga No. 105218, 2018-Ohio-2929, ¶ 20.

{¶ 33} We find that the trial court did not abuse its discretion when it denied Hatchell's presentence motion to withdraw his guilty plea. Thus, we overrule Hatchell's third assignment of error.

**Unlawful Sentences**

{¶ 34} In his fourth assignment of error, Hatchell argues that the trial court's 48-month sentences on the abduction, burglary, and having weapons while under disability convictions — felonies of the third degree — were contrary to law. Specifically, Hatchell contends that under R.C. 2929.14(A)(3)(b), convictions of third-degree felonies carry maximum potential prison terms of 36 months. Thus, the trial court's imposition of 48-month sentences on these felonies was contrary to law. The state concedes the trial court erroneously sentenced Hatchell to 48 months on the abduction and having weapons while under disability convictions, pursuant to R.C. 2929.14(A)(3)(b). The state does not concede that the burglary sentence was contrary to law. We find the trial court's sentences on the abduction and having

weapons while under disability convictions are contrary to law, but the burglary sentence complied with R.C. 2929.14(A)(3)(a).

{¶ 35} R.C. 2929.14(A)(3) addresses basic prison terms for felonies of the third degree:

> (a) For a felony of the third degree that is a violation of section 2903.06, 2903.08, 2907.03, 2907.04, 2907.05, 2907.321, 2907.322, 2907.323, or 3795.04 of the Revised Code, that is a violation of division (A) of section 4511.19 of the Revised Code if the offender previously has been convicted of or pleaded guilty to a violation of division (A) of that section that was a felony, or that is a violation of section 2911.02 or 2911.12 of the Revised Code if the offender previously has been convicted of or pleaded guilty in two or more separate proceedings to two or more violations of section 2911.01, 2911.02, 2911.11, or 2911.12 of the Revised Code, the prison term shall be a definite term of twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.
>
> (b) For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.

{¶ 36} When sentencing an offender on a felony of the third degree, the trial court assesses R.C. 2929.14(A)(3) and determines whether subsection (a) or subsection (b) applies to the convictions. The potential prison term varies between the two subsections. Qualifying offenses under subsection (A)(3)(a) are subject to a maximum definite term of 60 months whereas qualifying offenses under subsection (A)(3)(b) are subject to a definite term no greater than 36 months.

{¶ 37} A trial court must sentence an offender pursuant to subsection (A)(3)(a) when the offender pleads guilty to a violation of R.C. 2911.12 and the offender "previously has been convicted of or pleaded guilty in two or more separate

proceedings to two or more violations of section 2911.01, 2911.02, 2911.11, or 2911.12 of the Revised Code * * * ."  R.C. 2929.14(A)(3)(a).  In the instant matter, Hatchell pleaded guilty to burglary in violation of R.C. 2911.12(A)(3) and, therefore, the trial court had to look to his prior convictions or guilty pleas to determine if his burglary conviction was a qualifying offense under R.C. 2929.14(A)(3)(a).

{¶ 38} In Cuyahoga C.P. No. CR-96-343125, Hatchell previously pleaded guilty to burglary in violation of R.C. 2911.12, and in Cuyahoga C.P. No. CR-12-561888, Hatchell previously pleaded guilty to attempted robbery in violation of R.C. 2923.02/2911.02(A)(3).  Hatchell's prior guilty pleas in two separate proceedings to violations of R.C. 2911.12 and 2911.02, respectively, required Hatchell's current burglary offense to be subject to sentencing under R.C. 2929.14(A)(3)(a), with a maximum potential sentence of 60 months.[3]  Therefore, the court's imposed 48-month sentence on the burglary conviction was not contrary to law.

{¶ 39} Hatchell's convictions on abduction in violation of R.C. 2905.02 and having weapons while under disability in violation of R.C. 2929.13(A)(2) were qualifying offenses under R.C. 2929.14(A)(3)(b) and were subject to a maximum sentence of 36 months.  Thus, the trial court's sentences of 48 months on these two offenses were contrary to law.

{¶ 40} Because the sentences for abduction and having weapons while under disability were contrary to law, we sustain Hatchell's fourth assignment of error as

---

[3] The trial court's misstatement during the plea hearing that the maximum sentence associated with the burglary conviction was 36 months will be discussed under Hatchell's fifth assignment of error.

to those convictions, reverse the sentences on those convictions, and remand the case so that the trial court can resentence Hatchell on those two offenses. *See State v. Thompson*, 8th Dist. Cuyahoga No. 110785, 2022-Ohio-1073, ¶ 15.

**Crim.R. 11 Plea Colloquy**

{¶ 41} In his fifth assignment of error, Hatchell argues that the trial court failed to comply with Crim.R. 11 when the court incorrectly stated during the plea hearing that the maximum sentence associated with his burglary conviction was 36 months. Pursuant to R.C. 2929.14(A)(3)(a), the maximum potential sentence on the burglary conviction was actually 60 months. Due to the court's misstatement, Hatchell argues that his plea should be vacated. The state argues that Hatchell was not prejudiced by the court's misstatement and, therefore, the trial court's misstatements amount to harmless error.

{¶ 42} When a criminal defendant seeks on appeal a reversal of his conviction, the general rule is that the defendant must demonstrate (1) an error in the proceedings and (2) the error caused prejudice to the defendant. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 13. In the criminal-plea context, Ohio courts recognize two exceptions to that general rule where a defendant is entitled to have his or her plea vacated without a showing of prejudice. *Id.* at ¶ 14. The first exception occurs when "a trial court fails to explain the constitutional rights [set forth in Crim.R. 11(C)(2)(c)] that a defendant waives by pleading guilty or no contest[.]" *Id.* at ¶ 14. Under such circumstances, it is presumed that the defendant entered a plea involuntarily and unknowingly, and no

showing of prejudice to the defendant is required. The second exception occurs if there is a complete failure by the trial court to comply with a portion of Crim.R. 11(C)(2)(a) — the nonconstitutional aspects of the plea colloquy. *Id.* at ¶ 15, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22. When a trial court completely fails to comply with Crim.R. 11(C)(2)(a), the defendant need not show prejudice. *Id.*

{¶ 43} Aside from these two exceptions, a defendant must affirmatively show prejudice to invalidate a plea. *Id.* at ¶ 14, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Dangler* at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 44} Ohio case law has muddled the criminal-plea analysis by "suggesting different tiers of compliance with the rule" such as partial or substantial adherence or strict or literal compliance. *Dangler* at ¶ 17. "But those formulations have served only to unduly complicate what should be a fairly straightforward inquiry." *Id.* The applicable standard when determining whether a defendant's plea was made understandingly and voluntarily in compliance with Crim.R. 11(C) is no longer one of strict or substantial compliance. Instead, the *Dangler* Court identified the questions to be asked when reviewing a trial court's Crim.R. 11(C) plea colloquy:

> (1) has the trial court complied with the relevant provision of the rule? (2) if the trial court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Id.* at ¶ 17.

{¶ 45} The Ohio Supreme Court has not explicitly defined a trial court's "complete failure to comply" under a Crim.R. 11 analysis. In *Dangler*, the court determined there was not a complete failure to comply with the maximum sentence portion of Crim.R. 11(C)(2)(a) where the trial court advised the defendant of sex offender registration duties but did not inform the defendant of the residential restrictions and community notification requirements of sex offender classification. *Dangler* at ¶ 22. In *Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, the court found a complete failure to comply with the maximum penalty portion of Crim.R. 11(C)(2)(a) where a trial court "failed to mention postrelease control at all during the plea colloquy * * * before it accepted the guilty plea." *Id.* at ¶ 22.

> The [Ohio S]upreme [C]ourt hinted that *Sarkozy* might have been decided differently if the trial court had provided at least some advice concerning postrelease control during the plea colloquy: "The trial court did not merely misinform Sarkozy about the length of his term of postrelease control. Nor did the court merely misinform him as to whether postrelease control was mandatory or discretionary. Rather, the court failed to mention postrelease control at all during the plea colloquy." [*Sarkozy* at ¶ 4.] By contrast, *Dangler* found there was not a complete failure to comply where a trial court provided incomplete advice concerning a distinct component of the maximum penalty (i.e., sex offender registration and notification requirements and duties).

*State v. Fabian*, 12th Dist. Warren No. CA2019-10-119, 2020-Ohio-3926, ¶ 19.

{¶ 46} During Hatchell's plea hearing, the trial court advised Hatchell that the maximum penalty associated with his burglary charge, a felony of the third degree, was 36 months in prison:

> With the other case, there's two counts. Count 1 is abduction, a felony of the third degree, and then Count 2 is burglary, a felony of the third degree. They are both punishable by anywhere from 9 to 36 months in prison and a fine of up to $10,000.

Tr. 19. The parties agree Hatchell's burglary conviction, pursuant to R.C. 2929.14(A)(3)(a), was subject to a maximum sentence of 60 months. The trial court did not completely fail to address the maximum sentence associated with the burglary conviction, but incorrectly stated the maximum prison term was 36 months rather than 60 months. We find the trial court's incorrect recitation of the maximum penalty was not a complete failure to comply with Crim.R. 11(C) and, therefore, Hatchell must show prejudice to establish his plea was less than knowingly, intelligently, and voluntarily rendered.

{¶ 47} "Prejudice must be established "'on the face of the record.'"" *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 24, quoting *Hayward v. Summa Health Sys./Akron City Hosp.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 26, quoting *Wagner v. Roche Laboratories*, 85 Ohio St.3d 457, 462, 709 N.E.2d 162 (1999).

{¶ 48} There is nothing within the record that indicates Hatchell would not have entered his plea had he been correctly informed about the maximum sentence associated with his burglary charge. If all a defendant needed to establish prejudice was the argument that the trial court did not properly advise him of a maximum prison sentence during the plea hearing,

> the prejudice requirement would all but be eliminated to the point where it was essentially nonexistent. *See Dangler* at ¶ 24 (rejecting

appellant's claim that appellant demonstrated prejudice based solely on the fact that he was challenging his plea on appeal as that would "be tantamount to eliminating the prejudice requirement altogether"). The prejudice requirement is there for a reason; to effectuate a return to the "traditional rule" requiring a defendant to establish prejudicial error before the defendant's conviction may be reversed on appeal. *Id.* at ¶ 13.

*State v. Gabbard*, 12th Dist. Butler No. CA2020-12-125, 2021-Ohio-3646, ¶ 19. Hatchell presented no arguments whatsoever regarding prejudice. *See State v. Fisher*, 8th Dist. Cuyahoga No. 109276, 2021-Ohio-1592, ¶ 16 (no prejudice demonstrated where Fisher offered no arguments on the issue). Thus, Hatchell has not proven prejudice necessary to vacate his guilty plea.

{¶ 49} The instant case is distinguishable from *State v. Tackett*, 8th Dist. Cuyahoga No. 111998, 2023-Ohio-2298, where this court found the defendant was prejudiced by the trial court's plea colloquy. In *Tackett*, the trial court provided contradictory information during the plea colloquy about the potential maximum sentence, initially stating each underlying felonious assault offense was punishable up to a potential maximum of 12 years and then stating the "worst case scenario" was a total of 16 years in prison. *Tackett* at ¶ 11-12. The trial court also failed to state the convictions were eligible for an indefinite sentence pursuant to the Reagan Tokes Law. *Id. at* ¶ 14. The trial court initially sentenced Tackett to 8 years on each count to be served consecutively and then resentenced Tackett to an indefinite sentence of 16-18.5 years in prison, which reflected a sentence "two and one-half years more than the court had informed Tackett he could receive if he accepted the state's plea offer." *Id.* at ¶ 13.

{¶ 50} This court also found the defendant demonstrated prejudice in *State v. Cammon*, 8th Dist. Cuyahoga No. 105124, 2017-Ohio-5587, where the trial court incorrectly informed the defendant of the maximum sentence he faced. During the plea hearing, the trial court initially informed Cammon that a guilty plea to having weapons while under disability carried a maximum sentence of 36 months and then stated the maximum potential sentence was 30 months. The trial court also advised Cammon that the maximum potential sentence for drug possession was 12 months. The trial court informed Cammon that it could order him to serve the two sentences consecutively, which would result in a maximum sentence of 30 months. The trial court sentenced Cammon to 36 months on the having weapons while under disability conviction and 10 months on the drug possession conviction, with the sentences to be served concurrently. Cammon appealed the convictions and argued the trial court did not comply with Crim.R. 11 during the plea hearing. This court held "that Cammon suffered prejudice" where it "[ could not] say that Cammon would have still entered his guilty plea had he known that he could be subjected to a longer term than 30 months of imprisonment." *Cammon* at ¶ 23.

{¶ 51} In both *Tackett* and *Cammon*, the trial courts' sentences resulted in the defendant being subject to a longer period of imprisonment than the plea hearing indicated. Here, while the trial court sentenced Hatchell to 48-months on the burglary conviction rather than the 36-month maximum he was told about at the plea hearing, Hatchell's aggregate sentence does not exceed that which he was advised about during the plea hearing. Due to the multiple-count plea agreement,

Hatchell's sentences on the improper discharge of a firearm and felonious assault convictions were subject to seven to ten and one-half years, far exceeding the 48-month maximum penalty associated with the burglary conviction.

{¶ 52} Accordingly, we find Hatchell's fifth assignment of error is without merit.

{¶ 53} Judgment affirmed in part, vacated in part, reversed in part, and remanded for sentencing solely to provide the Reagan Tokes advisements required under R.C. 2929.19(B)(2)(c) and to properly sentence Hatchell on the third-degree felony offenses of abduction and having weapons while under disability.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MARY J. BOYLE, J., CONCUR